# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

WILBERT LEZELL JOHNSON                                                                    PLAINTIFF

V.                                    NO: 1:14CV00163 KGB/PSH

JOE PAIGE *et al*                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Wilbert Lezell Johnson, a former Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint on December 29, 2014.  On May 10, 2016, defendants Bettie Hubbard, Richard Lee, Joe Paige, Raylina Ramsey, Vernon Robertson, James Russell, and Aundrea Weekly filed a motion for sanctions, along with a brief in support, claiming Johnson failed to attend his deposition, despite having been served with notice of it.[1]  Defendants seek reimbursement of a court reporter's fee, and dismissal of the complaint (Doc. Nos. 93 & 94).

---

[1] Johnson's claims against former defendants Peggy Haley, Nurzuhal Faust, Marvin Evans, and Chelsie Hutchinson were dismissed without prejudice on February 22, 2016 (Doc. No. 86).

1

On May 12, 2016, the Court entered an order directing defendants to file a supplement to the motion providing evidence of the reporter's expense (Doc. No. 95).  That same order directed Johnson to file his response to defendants' motion no later than 14 days after the supplement was filed.  On May 12, 2016, defendants filed the supplement which indicated they incurred a $148.45 court reporter fee (Doc. No. 96).  Johnson did not respond to defendants' motion for sanctions.

On June 3, 2016, the Court entered an order directing Johnson to show cause why he failed to appear at the deposition or otherwise contact defendants regarding his deposition (Doc. No. 99).  Johnson was warned that his lawsuit would be subject to dismissal if he did not respond by June 20, 2016.  That date has passed, and Johnson has not responded.

Fed. R. Civ. P. 37(d)(1)(A)(i) provides that a court may order sanctions if a party fails to appear for his deposition after being served with proper notice.  "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).  Instead of or in addition to these sanctions, the court must require the party failing to act...to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).  Sanctions allowable may include a dismissal of the action.  Fed. R. Civ. P. 37(b)(2)(A)(v).

Defendants have provided sufficient evidence that they mailed notice of the deposition to Johnson at his address of record (Doc. No. 93-1, pages 8-10), and that Johnson failed to appear (Doc. No. 93-1, pages 1-7).  Johnson did not respond to the motion for sanctions, the Court's order directing him to respond to the motion, or the Court's show cause order, all of which were mailed to him at his address of record.  Thus, Johnson has not provided any evidence that his failure to attend the noticed deposition was substantially justified or that an award of expenses would be

unjust.

The Court finds that the motion for sanctions should be granted. Johnson's complaint should be dismissed without prejudice, subject to being reopened if he pays the ADC the total of $148.45, and presents to the Court evidence of the payment, along with a motion to reopen, within 30 days.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for sanctions (Doc. No. 93) be GRANTED to the extent that plaintiff Wilbert Lezell Johnson's complaint should be dismissed without prejudice, subject to being reopened if he pays the ADC the total of $148.45, and presents to the Court evidence of the payment, along with a motion to reopen, within 30 days.

2. The Court certify that an *in forma pauperis* appeal is considered frivolous and not in good faith.

DATED this 21st day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE